UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| REYNA GARCIA,<br><br>        Plaintiff,<br><br>    v.<br><br>NEW ALBERTSON'S, INC.; SUPERVALU, INC.; and DOES 3-5, inclusive,<br><br>        Defendants. | CASE NO. 2:13-CV-05941-CAS (JCGx)<br><br>[~~PROPOSED~~] **ORDER REGARDING THE USE AND DISSEMINATION OF CONFIDENTIAL INFORMATION** |

Having read and considered the Parties' Stipulation Regarding the Use and Dissemination of Confidential Information and good cause having been shown therefor, **IT IS HEREBY ORDERED** that:

1.    Any of the Parties in the matter of *Reyna Garcia v. New Albertsons, Inc., SUPERVALU Inc., et al.*, Case No. 2:13-CV-05941-CAS (JCGx) (the "Action"), may designate documents, materials, discovery responses, or other information  (collectively, " Documents") that they agree to produce, or which may be ordered produced by the Court, as "Confidential Information," so long as the designating party has a good faith belief that such Documents contain Confidential Information.

2. Any of the Parties may designate the testimony of any deponent as Confidential Information as set forth in Paragraph 9 below.

3. All Documents containing Confidential Information produced by any of the Parties shall be designated by stamping copies of the document "CONFIDENTIAL Subject to Protective Order." The "CONFIDENTIAL Subject to Protective Order" stamp shall not block out or obliterate any document.

4. The information provided by the producing party marked "CONFIDENTIAL Subject to Protective Order," and all copies, excerpts, summaries, and compilations are to be used by the receiving party only for the purposes set forth below, and only in this Action, and for no other purpose.

5. This Order shall not apply to any document, material, thing, testimony or other information which: (a) was in the possession or knowledge of the receiving party prior to disclosure hereunder, provided that such possession or knowledge was lawful; (b) subsequent to disclosure, lawfully comes into the possession or knowledge of the receiving party from a third party who is not bound by this Order; or (c) has been or becomes a matter of public knowledge through no unlawful act of the receiving party or has been published prior to disclosure or becomes published subsequent to disclosure through no unlawful act of the receiving party.

6. Confidential Information shall be used by the receiving party only for the prosecution, defense and/or settlement of the Action, or any appeal in the Action, and not for any business or other purpose. Nothing in this Order shall in any way prohibit or otherwise limit the use by a party of the Confidential Information it produces. Under no circumstances other than those specifically provided for in this or subsequent Court orders, or other than with the explicit consent in writing of the producing party with respect to specifically identified Confidential Information, shall Confidential Information or its contents in any way whatsoever be revealed, disclosed, or otherwise made known to persons other than the following:

       a.    Counsel to the Parties in the Action (both in-house and outside counsel), and the regular, paid employees of such counsel but, with respect to regular, paid employees, only to the extent disclosure is necessary in connection with the representation of the Parties. Parties' counsel will ensure its staff and employees are aware of this Order and have consented to abide by its terms.

       b.    Parties and representatives or employees of Parties on a need-to-know basis and only after each such person has confirmed his or her agreement to be bound by the terms of this Order by signing an undertaking agreeing to same in the form of Exhibit "A" hereto. In the event medical records of Plaintiff designated "Confidential Subject to Protective Order" are shown to any person covered by this subparagraph b, counsel for Defendants will notify counsel for Plaintiff of that fact within ten (10) days thereafter and shall provide one of the offices of counsel for Plaintiff with a copy of form Exhibit "A" executed by said person.

       c.    Any person who, as is apparent from the face of a Document, authored or previously received the Confidential Information, or who has knowledge of the specific facts identified in such Confidential Information.

       d.    Experts or consultants, and their staff, retained in good faith to assist counsel of record in the prosecution, defense and/or settlement of this Action or any appeal filed herein, but only to the extent disclosure is necessary in connection with such retention and only after such expert or consultant has confirmed his or her agreement to be bound by the terms of this Order by signing an undertaking agreeing to same in the form of Exhibit "A" hereto; however, there is no obligation for the Parties to provide a copy of the signed undertaking to the other side as experts and consultants are protected by the work product doctrine. Instead, the Parties agree that a representation of the receiving Party's counsel that experts or consultants have signed the undertaking is sufficient until such time that expert disclosure is required by law or order.

      e.    Court reporters and/or videographers who record testimony taken in the course of this litigation, but only to the extent disclosure is necessary in connection with such recording, and only after such reporter or videographer has confirmed his or her agreement to be bound by the terms of this Order by signing an undertaking agreeing to same in the form of Exhibit "A" hereto; it is recognized that in the production of videotapes and/or depositions, various individuals are often involved in the process and that it will be impossible for counsel to obtain signatures of all such administrative helpers, thus only the reporter and videographer at the deposition need to sign Exhibit "A."

      f.    Witnesses deposed in this Action, or who appear at trial and/or any hearing in this Action, but only to the extent disclosure is necessary for relevant questioning in connection with such deposition or hearing, and only after such witness has confirmed his or her agreement to be bound by the terms of the Order by signing an undertaking agreeing to same in the form of Exhibit "A" hereto; however, if a witness refuses to sign an undertaking that does not foreclose the deposing party from gathering the information.  Instead, the Parties agree they may, upon proper notice to the other party, apply ex parte for relief ordering the witness to keep Confidential Information disclosed to him/her confidential and/or to execute an undertaking in the form of Exhibit "A" hereto and that the witness will appear for a second session of his/her deposition.

    7.    In the event a permitted individual, as defined by paragraphs a-f, does not consent to be bound by this Order, no disclosure of Confidential Information will be made to such individual.  Parties' counsel of record shall make every reasonable effort to ensure that a third party complies with the terms of this Order. However, only the person who actually violates this Order may be subject to punishment in the form of sanctions or contempt motions.

    8.    Confidential Information may also be disclosed to (1) the Court and courtroom personnel; and (2) a private mediator, or judicial or non-judicial

settlement officer, agreed to by the Parties in connection with an alternative dispute resolution proceeding in the Action.

9. To designate deposition testimony as Confidential Information, the party requesting the designation may state during the deposition which testimony should be treated as Confidential Information and request that the court reporter print that portion of the deposition transcript separately and mark it "CONFIDENTIAL Subject to Protective Order." Notwithstanding the foregoing, within fifteen (15) days of receipt of a deposition transcript from the court reporter, any party shall have the right to designate particular deposition testimony and/or exhibits as Confidential Information, even if the party failed to do so at the time of deposition. Accordingly, all parties will treat all deposition transcripts as Confidential Information for the first fifteen (15) days after the subject transcript is delivered to counsel. The party making the designation shall be responsible for ensuring that those portions of the deposition transcripts and exhibits designated as Confidential Information are stamped and bound by the Court reporter in the manner described herein. Any testimony of a deponent which a party deems Confidential Information, whether based upon privacy or other grounds, shall be transcribed and bound separately and marked by the reporter in accordance with this paragraph. The use and dissemination of such testimony by the Parties or their respective counsel of record shall be subject to the terms set forth in this Order.

10. If any party produces any Confidential Information without marking it with the appropriate legend, the producing party may notify all other Parties in the Action that the material is to be deemed as Confidential Information, and such a notification by the producing party will be deemed to entitle such materials or information to the "Confidential Subject to Protective Order" designation as provided by this Order. In such event, all Parties in possession of such Confidential Information shall stamp it with the appropriate designation.

11. This Order, and the obligations of all persons thereunder, including those relating to the disclosure and use of Confidential Information, shall survive the final termination of the Action, whether such termination is by settlement, judgment, dismissal, appeal or otherwise, until further order of the Court.

12. Any party seeking to file Confidential Information in connection with a motion or hearing shall make an application to file the Confidential Information under seal in compliance with Local Rule 79-5.  In the event the Court denies said application, the underlying documents and sealing application shall be filed, but not under seal.

13. There shall not be any limitations on the use of any documents marked "Confidential Subject to Protective Order" in a trial or other court proceeding after a court order permitting the admissibility and/or publishing of said documents.  Once ordered admissible, the Parties may not prevent the use of Confidential Information in trial or other court proceeding for example, even if there are members of the public or the media in the Court during trial.  It is recognized the courts are public forums.  Nothing in this Order shall be used to limit the ability of any party to use documents or other information designated "Confidential Subject to Protective Order" in a trial as exhibits, for direct exam, cross exam, opening statement, closing argument or any other court process.  If any members of the media report on that information, the attorneys are not subject to any repercussions for the disclosure of such information in the press.  Further, all such documents and other information so designated may be used for an appeal as well, without the attorneys violating this Order.  Further, once the Court orders a confidential document admissible, counsel for the producing party agrees to provide the other Parties a "clean" copy without the "CONFIDENTIAL Subject to Protective Order" stamp within three working days or as ordered by the Court.  "Clean" copies may be used as trial exhibits.

14. The Court shall retain jurisdiction to resolve any dispute concerning the use of Confidential Information disclosed hereunder.

15.     Upon termination of the judicial process in the Action, any party or other person who received any document designated as "Confidential Subject to Protective Order" shall, within thirty (30) days, return to counsel for the producing party all documents and material designated as "Confidential Subject to Protective Order" and all copies, summaries, abstracts, compilations and excerpts of same, except that Confidential Information which is incorporated in an attorney's work product need not be returned but must be destroyed.  Within the same time period all Confidential Information received by any party or person is to be deleted from all files, databases, etc.  Within sixty (60) days of termination of the Action, the attorneys for the receiving party shall provide the attorneys for the producing party with written confirmation that such return, destruction or deletion was accomplished.

16.     If a party objects to the designation of any document or other information as "Confidential Subject to Protective Order," the objecting party shall notify the producing party in writing within fifteen (15) business days of service of the material in dispute.  Within ten (10) business days of service of said notice (the time may be extended by agreement of the Parties), the Parties shall meet and confer in good faith to attempt to resolve any disputes regarding the designation.  If the Parties are unable to resolve their disagreement, within twenty (20) business days after the meet and confer, the producing party must move for a protective order pursuant to Rule 26 (c), Federal Rules of Civil Procedure, as to the materials in dispute in order to preserve the confidential designation thereof.  In the event of such a motion, the material in dispute may be submitted to the Court for an in camera inspection. All material in dispute shall be given the full protection of this Order unless and until the Court enters an order changing the designation.

17.     This Order shall not require production of Confidential Information by any party and shall not constitute a waiver of any party's right to object to the production or disclosure of Confidential Information.  The designation of

information as Confidential Information pursuant to this Order shall not be construed as a concession by the producing party that such information is relevant or material to the Action.  This Order is made without prejudice to the Parties objections to producing or disclosing Confidential Information on the grounds of relevance, attorney-client privilege, the attorney work product doctrine, or any other privilege, immunity or basis for objection.  If a party believes another party has violated this Order, it or she may advise the Court of said violation by filing a motion and seeking the legal remedies available by law and that the Court deems are proper after a full hearing on the subject.

18. The terms and provisions of this Order are subject to modification, extension or limitation only by order of the Court.  Each of the Parties may apply to the Court for an order modifying this Order or seeking further protection or disclosure regarding the subject matter of this Order.  The Parties may seek to limit the disclosure of documents or information designated "Confidential Subject to Protective Order" at any hearing or trial.

DATED:  January 29, 2014

HON. JAY C. GANDHI,
UNITED STATES
MAGISTRATE JUDGE

# EXHIBIT A
## WRITTEN ASSURANCE OF CONFIDENTIALITY

I, _____, have read and fully understand the attached Stipulation Regarding the Use and Dissemination of Confidential Information and Order Thereon (hereafter the "Protective Order") covering Confidential Information produced by defendants New Albertsons, Inc. and SUPERVALU Inc. and/or plaintiff Reyna Garcia in Case No. 2:13-CV-05941-CAS (JCGx), United States District Court for the Central District of California. I agree to comply with and be bound by the Protective Order. I agree that I will not disclose any Confidential Information, as defined in the Protective Order, to any persons or in any manner not specifically authorized by the Protective Order, and I agree that I will not copy, use or disclose any Confidential Information except solely in connection with the case referenced above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed at _____, California, on _____, 2014.

Signed: _____